David Cheng, Esq.
(*Pro Hac Vice to be filed*)
Georgia Bar No. 762468
CHENG LAW, INC.
260 PEACHTREE ST.
SUITE 2200
ATLANTA, GEORGIA 30303
Tel: (334) 451-4346
Email: david@considerdavidcheng.com


David Makman, Esq.
CA Bar No.: 178195
LAW OFFICES OF DAVID A. MAKMAN
483 Seaport Court, Suite 103
Redwood City, CA 94063
Tel: 650-242-1560
Fax: 650-242-1547
Email: david@makmanlaw.com


Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COURTNEY DAWSON<br><br>                              Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.<br><br>                              Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

1
2
3
4

**COMES NOW** Plaintiff Courtney Dawson, by and through his undersigned counsels of record, and files this Complaint for Damages against Defendant Uber Technologies, Inc., showing the Court as follows:

5
6

## JURISDICTION AND VENUE

7

1.

8
9
10
11
12
13
14
15
16
17

Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1343 on the grounds that this action arises under Title I of the Americans with Disabilities Act (hereinafter, "ADA Title I"). All conditions precedent to jurisdiction under the ADA have either occurred or been complied with; specifically, Plaintiff has filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter, "EEOC"). The Notice of Right to Sue was issued by the EEOC on June 29, 2020. A true and correct copy of the notice is attached as Exhibit A. Plaintiff has brought suit within 90 days of receipt of his Notice of Right to Sue.

18
19
20

2.

21
22
23
24

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the State of California and Defendant resides within the Northern District of California.

25
26
27
28

**INTRADDISTRICT ASSIGNMENT**

3.

The San Francisco Division of the United States District Court for the Northern District of California is the appropriate location for this case because a substantial part of the events or omissions giving rise to this cause of action occurred in San Francisco County which the San Francisco Division serves.

**PARTIES**

4.

Plaintiff Courtney Dawson ("Plaintiff") is an individual residing in the State of Georgia and submits to the jurisdiction of this Court.

5.

Defendant is a foreign for-profit corporation located in 1455 Market Street, 4th Floor, San Francisco, California 94103, and is subject to the jurisdiction of this Court.  It may be served through its registered agent C T Corporation System located at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

**STATEMENT OF FACTS**

6.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

7.

Defendant is a global rideshare company headquartered in San Francisco, California, with commercial operations in major metropolitan cities throughout the world including Atlanta, Georgia.

8.

Defendant is a hiring entity which hires drivers to transport passengers to their destinations by motor vehicles for a fare through its mobile application.

9.

In a typical transaction, the passenger would pay Defendant a fare through its mobile application and Defendant would collect this money as revenue.

10.

Defendant then, directly or indirectly, pays a driver a portion of the fares he had accrued on a weekly basis.

11.

Defendant hired Plaintiff as a driver.

12.

Plaintiff transported passengers to their destinations in the Atlanta, Georgia, metropolitan area for Defendant through its mobile application.

13.

Defendant controlled and directed how Plaintiff functioned as a driver by requiring him to conduct vehicle inspections every year, conduct regular maintenance to specific standards deemed satisfactory by Defendant, notify Defendant of any changes to his

circumstances, accept passenger transportation requests on Defendant's mobile application or be subject to temporary periods of noneconomic activity, and accept passenger transportation requests within fifteen seconds.

14.

Defendant's mobile application allows passengers to rate their drivers including Plaintiff.

15.

Drivers may be terminated and barred from using Defendant's mobile application to earn a living if Defendant deems their ratings are too low.

16.

Defendant's mobile application has an internal global positioning system ("GPS") which directs its drivers, including Plaintiff, on turn-by-turn directions when traveling a particular route.

17.

Plaintiff does not have an independently established trade, occupation, or business where he transports passengers for compensation outside of his work for Defendant.

18.

Defendant was Plaintiff's employer, and Plaintiff was Defendant's employee.

19.

Defendant has employed fifteen or more employees for each working day in at least twenty weeks during each and every calendar year that is relevant to this action.

20.

Plaintiff is a deaf-mute.  Plaintiff's condition as a deaf-mute substantially limits his major life activities such as being able to communicate orally.  Plaintiff's condition is not temporary and is not expected to dissipate within six months or at any time in the foreseeable future.

21.

Defendant notified Plaintiff of his impending termination because of negative passenger ratings.

22.

Plaintiff was subsequently given an opportunity to appeal this decision with Defendant, an opportunity given to all drivers who were subject to termination due to negative rider ratings.

23.

When Plaintiff tried to take advantage of the opportunity to appeal, however, Plaintiff realized Defendant did not have the capacity to communicate with him due to his disability of being deaf-mute.  Plaintiff searched for channels of communication provided by Defendant to communicate with its deaf-mute drivers to no avail.

24.

Defendant terminated Plaintiff on or around December 10, 2019, due to negative rider ratings without the benefit of an appeal, an opportunity afforded to all non-mute-deaf drivers who have the ability to speak up for themselves.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLAIMS FOR RELIEF

### First Cause of Action
### DISABILITY DISCRIMINATION IN VIOLATION
### OF TITLE I OF THE AMERICANS
### WITH DISABILITIES ACT

25.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

26.

Defendant is a global rideshare company.

27.

Defendant has employed fifteen or more employees for each working day in at least twenty weeks during each and every calendar year that is relevant to this action.

28.

Plaintiff was employed by Defendant as a driver at all times material hereto.

29.

Plaintiff suffers from a disability.  Specifically, Plaintiff is a deaf-mute which substantially limits his major life activities such as being able to communicate orally. Plaintiff's condition is not temporary and not expected to dissipate in six months or at any time in the foreseeable future.

30.

Defendant notified Plaintiff he may be terminated due to having too many negative passenger ratings.

31.

Notwithstanding having received negative passenger ratings, Plaintiff was a qualified driver who sought to challenge and rebut said negative ratings.

32.

Defendant afforded Plaintiff an opportunity to appeal, but Defendant did not have the capacity to communicate with Plaintiff due to his disability of being deaf-mute. Plaintiff searched for channels of communication provided by Defendant to communicate with its deaf-mute drivers to no avail.

33.

Defendant terminated Plaintiff without the benefit of a substantive appeal, an opportunity afforded to all non-mute-deaf drivers who have the ability to speak up for themselves.  Plaintiff would have been able to prove he was a qualified driver if Defendant had channels in place to communicate with its deaf-mute drivers.

34.

Due to Defendant's actions at the workplace, Defendant and its agents have discriminated against Plaintiff, who was a qualified driver, on the basis of his disability in violation of Title I of the ADA by offering him unequal and inferior terms of

employment compared to his non-deaf-mute colleagues and subjecting Plaintiff to adverse employment action on account of his disability.

35.

As a direct and proximate result of the conduct and acts of Defendant and its agents in violation of Title I of the ADA, Plaintiff has suffered injuries in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for:

1)  General damages for mental and emotional suffering caused by Defendant's misconduct;

2)  Back pay, special damages, liquidated damages for lost wages and benefits, and/or post judgment interest thereon as permitted by law;

3)  Reasonable attorney's fees and expenses of litigation as allowed by 42 U.S.C. § 12205;

4)  Trial by jury as to all issues;

5)  Prejudgment interest at the rate allowed by law;

6)  Declaratory relief to the effect that Defendant have violated Plaintiff's statutory rights;

7) Injunctive relief of reinstatement, or front pay in lieu of and compensatory damages pursuant to 42 U.S.C. § 1981a.(a)(2), and prohibiting Defendant from further unlawful conduct of the type described herein and, *inter alia*, from providing negative, misleading and/or disparaging references pertaining to Plaintiff's personnel file;

8) Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities, including the removal of all negative employment history;

9) All other relief to which Plaintiff may be entitled.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a jury trial on all claims so triable.

Dated:  September 26, 2020

Respectfully submitted,

*/s/ David G. Cheng*
David G. Cheng, Esq.

*/s/ David A. Makman*
David A. Makman, Esq.