UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY DAWSON,<br><br>          Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES INC.,<br><br>          Defendant. | Case No. 3:20-cv-06736-WHO<br><br>**DISMISSAL FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. Nos. 49, 50, 51, 52 |

Plaintiff Courtney Dawson filed a notice of voluntary dismissal on October 4, 2022, seeking dismissal without prejudice under Federal Rule of Civil Procedure ("FRCP") 41(a). Dkt. No. 49. Defendant Uber Technologies filed a status report that same day, seeking dismissal with prejudice under FRCP 41(b) for failure to prosecute. Dkt. No. 50. I ordered Dawson to show cause why the case should not be dismissed with prejudice under FRCP 41(a), given her repeated failure to move this case forward or comply with my arbitration order for the past year and a half. *See* Dkt. No. 51. Dawson filed a response on October 22, 2022, saying that she "shares the Court's concern about preservation of judicial economy and resources" and has "no intention of pursuing this case further" but contends that I "do[] not have authority" to "block" her voluntary dismissal. Dkt. No. 52.

I disagree. FRCP 41(b) permits dismissal with prejudice "[if] the plaintiff fails to . . . comply with . . . a court order." Fed. R. Civ. Proc. 41(b). "Although 'the plain language of Rule 41(b) suggests that such dismissals may only result from a defendant's motion,' it is well established that 'courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.'" *Shanko v. Lake Cnty.*, No. 14-CV-05543-JST-JCS, 2016 WL 9047117, at *2 (N.D. Cal. Feb. 2, 2016), *report and recommendation adopted*, No. 14-CV-05543-JST, 2016 WL

9047118 (N.D. Cal. Feb. 23, 2016) (quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)). "The failure to comply with an order of the court is grounds for dismissal with prejudice." *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (citing Fed. R. Civ. Proc. 41(b)); *see also Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (discussing cases that affirmed dismissal with prejudice for failure to comply with district court's order—regarding FRCP 8(a)—without excuse). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants . . . ; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Shanko*, 2016 WL 9047117, at *2 (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Dawson opposed arbitration in this case, causing a contested motion that resulted in my Order Granting Uber's Motion to Compel Arbitration. Dkt. No. 45. She then failed to comply with my order by repeatedly failing to meaningfully move forward with arbitration proceedings. She also failed to comply with my Orders Requiring a Joint Status Report. Dkt. Nos. 46, 48. These failures are sufficient for me to grant Uber's request. *See Slack*, 529 U.S. at 489.

Public policy favors dismissal with prejudice, *see Hearns*, 530 F.3d at 1132, because in this case it promotes judicial economy and efficiency, rather than permits a party to require litigation over a threshold issue and then fail to comply with the result, dragging its feet for a year and half. *See also Shanko*, 2016 WL 9047117, at *2. This supports the first factor (favoring expeditious resolution of litigation) and the third factor (the risk of prejudice to the defendant) while weighing against strong consideration of the fifth factor (disposition on the merits).

My need to manage my docket also favors dismissal, especially where I have previously ordered the parties to file joint status reports with updates concerning arbitration, and Dawson has neither participated in those reports nor, it seems, made much effort to go through arbitration. *See id.* ("[A]llowing [the plaintiff] to disregard court orders without consequence may have a broader effect on the Court's docket if it sends a message to other litigants that compliance with . . . court orders is optional.").

1   Dismissal with prejudice does not penalize Dawson, as her counsel represents that this
2   action will not be refiled. *See id.* And the availability of alternatives (dismissing without
3   prejudice) is outweighed by the first three factors that so strongly support dismissal with prejudice.
4   For those reasons, Dawson's motion for voluntary dismissal is DENIED.[1]  This case is
5   DISMISSED with prejudice under FRCP 41(b).  Judgment is hereby entered in accordance with
6   this order, and the Clerk shall close the case.
7   **IT IS SO ORDERED.**
8   Dated: November 15, 2022



William H. Orrick
United States District Judge

---

[1] I emphasize that this Order does not hold, one way or the other, that dismissal without prejudice after an order compelling arbitration is impermissible.  It is the failure to comply with my orders coupled with delay that impels this result.

3